IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. 5:12-CV-161-RLV-DCK

| | |
|---|---|
| ROBIN Y. UPRIGHT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **MEMORANDUM AND** |
| v. ) | **RECOMMENDATION** |
| ) | |
| CAROLYN W. COLVIN,[1] ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER IS BEFORE THE COURT** on Plaintiff's "Motion For Summary Judgment" (Document No. 10) and the "Motion For Order Affirming The Commissioner's Decision" (Document No. 14). This case has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b)(1)(B). After careful consideration of the written arguments, administrative record, and applicable authority, the undersigned will respectfully recommend that Plaintiff's "Motion For Summary Judgment" be denied; that the "Motion For Order Affirming The Commissioner's Decision" be granted; and that the Commissioner's decision be affirmed.

## I. BACKGROUND

Plaintiff Robin Y. Upright ("Plaintiff"), through counsel, seeks judicial review of an unfavorable administrative decision on her application for disability benefits. (Document No. 1). On or about September 2, 2009, Plaintiff filed an application for a period of disability and

---

[1] Carolyn W. Colvin is the Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin should be substituted for Michael J. Astrue as Defendant in this suit.

disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. § 405 *et seq.*, alleging an inability to work due to a disabling condition beginning October 28, 2008. (Transcript of the Record of Proceedings ("Tr.") 24, 168). The Commissioner of Social Security (the "Commissioner" or "Defendant") denied Plaintiff's application initially on November 6, 2009, and again after reconsideration on April 23, 2010. (Tr. 24, 93, 99). In its "Notice of Reconsideration," the Social Security Administration ("SSA") included the following explanation of its decision:

> On your application you stated that you are disabled because of bulging discs in back, cervical and lumbar disc degeneration.
> The medical evidence shows that your condition is not severe enough to be considered disabling. Based on the description of the job performed as cleaner, we have concluded that you have the functional capacity to meet the function demands of this type of work. It has been decided, therefore, that you are not disabled according to the Social Security Act.

(Tr. 99).

Plaintiff filed a timely written request for a hearing on June 4, 2010. (Tr. 24, 108). On June 8, 2011, Plaintiff appeared and testified at a hearing before Administrative Law Judge Todd D. Jacobson ("ALJ"). (Tr. 24, 42-58). In addition, G. Roy Sumter, a vocational expert ("VE"), and Christopher MacMillan, Plaintiff's attorney, appeared at the hearing. Id.

The ALJ issued an unfavorable decision on July 13, 2011, denying Plaintiff's claim. (Tr. 21-35). Plaintiff filed a request for review of the ALJ's decision on July 26, 2011, which was denied by the Appeals Council on August 29, 2012. (Tr. 2-4, 19). The July 13, 2011 ALJ decision thus became the final decision of the Commissioner when the Appeals Council denied Plaintiff's review request. (Tr. 2).

Plaintiff's "Complaint" seeking a reversal of the ALJ's determination was filed in this Court on October 26, 2012. (Document No. 1). Also on October 26, 2012, the undersigned was

2

assigned to this case as the referral magistrate judge. Plaintiff's "Motion For Summary Judgment" (Document No. 10) and "Plaintiff's Memorandum In Support Of Motion For Summary Judgment" (Document No. 11) were filed April 12, 2013; and the "Motion For Order Affirming The Commissioner's Decision" (Document No. 14) and "Memorandum In Support Of The Commissioner's Motion For Summary Judgment" (Document No. 13) were filed July 9, 2013.

The pending motions are ripe for disposition, and therefore, a memorandum and recommendation to the Honorable Richard L. Voorhees is now appropriate.

## II. STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision; and (2) whether the Commissioner applied the correct legal standards. Richardson v. Perales, 402 U.S. 389, 390 (1971); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).

The Fourth Circuit has made clear that it is not for a reviewing court to re-weigh the evidence or to substitute its judgment for that of the Commissioner – so long as that decision is supported by substantial evidence. Hays, 907 F.2d at 1456 (4th Cir. 1990); see also, Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); Hancock v. Astrue, 657 F.3d 470, 472 (4th Cir. 2012). "Substantial evidence has been defined as 'more than a scintilla and [it] must do more than create a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting Perales, 402 U.S. at 401).

Ultimately, it is the duty of the Commissioner, not the courts, to make findings of fact and to resolve conflicts in the evidence. Hays, 907 F.2d at 1456; King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979) ("This court does not find facts or try the case de novo when reviewing disability determinations."); Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence, and that it is the claimant who bears the risk of nonpersuasion."). Indeed, so long as the Commissioner's decision is supported by substantial evidence, it must be affirmed even if the reviewing court disagrees with the final outcome. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

## III. DISCUSSION

The question before the ALJ was whether Plaintiff was under a "disability" as that term of art is defined for Social Security purposes, at any time between October 28, 2008, and the date of his decision.[2] (Tr. 24). To establish entitlement to benefits, Plaintiff has the burden of proving that she was disabled within the meaning of the Social Security Act. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

The Social Security Administration has established a five-step sequential evaluation process for determining if a person is disabled. 20 C.F.R. § 404.1520(a). The five steps are:

    (1)    whether claimant is engaged in substantial gainful activity - if yes, not disabled;

    (2)    whether claimant has a severe medically determinable physical or mental impairment, or combination of

---

[2] Under the Social Security Act, 42 U.S.C. § 301, et seq., the term "disability" is defined as an: inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) (quoting 42 U.S.C. § 423(d)(1)(A)).

>    impairments that meet the duration requirement in § 404.1509 - if no, not disabled;
>
> (3) whether claimant has an impairment or combination of impairments that meets or medically equals one of the listings in appendix 1, and meets the duration requirement - if yes, disabled;
>
> (4) whether claimant has the residual functional capacity ("RFC") to perform her/his past relevant work - if yes, not disabled; and
>
> (5) whether considering claimant's RFC, age, education, and work experience he/she can make an adjustment to other work - if yes, not disabled.

20 C.F.R. § 404.1520(a)(4)(i-v). In this case, the ALJ determined at the fifth step that Plaintiff was not disabled. (Tr. 33-34).

Specifically, the ALJ first concluded that Plaintiff had not engaged in any substantial gainful activity since October 28, 2008, her alleged disability onset date. (Tr. 26). At the second step, the ALJ found that degenerative disc disease of the cervical region of the spine, obesity, and a mood disorder were severe impairments.[3] Id. At the third step, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the impairments listed in 20 C.F.R. 404, Subpart P, Appendix 1. (Tr. 28-29).

Next, the ALJ assessed Plaintiff's RFC and found that she retained the capacity to perform light work activity, with the following limitations:

> lifting or carrying up to 20 pounds occasionally and up to 10 pounds frequently, sitting for up to 6 hours during an 8-hour workday, and standing or walking for up to 6 hours during an 8-hour workday. However, the claimant requires a sit/stand option on an occasional basis. The claimant is able to frequently reach overhead bilaterally. The claimant is able to balance, stoop, kneel,

---

[3] The determination at the second step as to whether an impairment is "severe" under the regulations is a *de minimis* test, intended to weed out clearly unmeritorious claims at an early stage. See Bowen v. Yuckert, 482 U.S. 137 (1987).

5

>crouch, crawl, and climb ramps or stairs occasionally. The claimant is unable to have concentrated exposure to hazards, such as moving machinery and unprotected heights. In addition claimant is limited to unskilled work.

(Tr. 29). In making his finding, the ALJ specifically stated that he "considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence, based on the requirements of 20 CFR 404.1529 and SSRs 96-4p and 96-7p." Id. The ALJ further opined that "the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment." (Tr. 30).

At the fourth step, the ALJ found that Plaintiff could not perform her past relevant work as a machine operator II or a cleaner. (Tr. 33). At the fifth and final step, the ALJ concluded based on the testimony of the VE and "considering the claimant's age, education, work experience, and residual functional capacity" that jobs existed in significant numbers in the national economy that Plaintiff could perform. (Tr. 34). Specifically, the VE testified that according to the factors given by the ALJ, occupations claimant could perform included cashier, bench assembler, and card machine operator. Id. Therefore, the ALJ concluded that Plaintiff was not under a disability at any time from October 28, 2008, through the date of his decision, July 13, 2011. (Tr. 34-35).

Plaintiff on appeal to this Court makes the following assignments of error: (1) the ALJ failed to follow the mandated procedure for evaluating treating medical provider opinions; (2) the ALJ's credibility assessment was flawed; and (3) the ALJ failed to consider and explain the

effects of Plaintiff's obesity on her RFC. (Document No. 11, pp.11-17). The undersigned will discuss each of these contentions in turn.

A.  **Medical Provider Opinions**

In her first assignment of error, Plaintiff argues that in rejecting the opinions of treating medical provider, Judy Keighron, FNP, the ALJ failed "to follow the mandated procedure to determine the weight given the treating medical provider's opinions." (Document No. 11, p.11). Specifically, Plaintiff asserts that the ALJ failed to consider and discuss the factors set forth in 20 C.F.R. § 404.1527(c) pursuant to SSR 06-03p. (Document No. 11, p.12). However, Plaintiff acknowledges that "[b]ecause Ms. Keighron is not a treating physician her opinions cannot be given controlling weight." Id.

Defendant argues in most pertinent part that the premise and the conclusion of Plaintiff's argument is inaccurate. (Document No. 15, p.14). Defendant notes that SSR 06-3p provides that the regulatory factors "explicitly apply *only* to the evaluation of medical opinions from, 'acceptable medical sources.' a category that – as Plaintiff admits – does not include Ms. Keighron." Id. (citing SSR 06-3p, 2006 WL 2329939, at *4). Defendant concludes that while an adjudicator "can" and "should" apply the regulatory factors to an opinion from an "other source" such as Ms. Keighron, SSR 06-3p makes clear that he is not required to do so. Id. (citing 2006 WL 2329939, at *4-5; and 20 C.F.R. § 404.1527(c)(2)).

Defendant also notes that although SSR 06-3p does provide that an administrative law judge must "consider" an opinion from an "other source" such as Ms. Keighron, the ruling specifically emphasizes in the very next sentence that "there is a distinction between what an adjudicator must *consider* and what the adjudicator must *explain*." Id. (citing SSR 06-3p at *6). Defendant contends that the ALJ complied with his obligation to consider Ms. Keighron's

7

checklist opinion; moreover, the ALJ's consideration touched upon all of the regulatory factors. Id. (citing Tr. 27, 29, 32-33).

The undersigned finds Defendant's arguments on this point compelling. The undersigned is persuaded that the ALJ properly considered the factors in the regulations, and relied upon substantial evidence in deciding to give less weight to the opinions of Ms. Keighron. (Tr. 32) (citing Tr. 420-428).

**B.     Credibility**

Next, Plaintiff challenges the ALJ's credibility assessment. According to Plaintiff, the ALJ ignored the testimony of Plaintiff's pain. (Document No. 11, p.14). Plaintiff contends that the "ALJ selectively cites from medical records and the testimony to support his conclusion but completely disregards the objective medical evidence." Id. As such, Plaintiff concludes that the ALJ's credibility determination is based upon a flawed analysis and must be remanded. (Document No. 11, p.15).

Defendant contends that the ALJ's decision satisfies the Fourth Circuit's two-step process for evaluating credibility in Craig v. Chater, 76 F.3d 585, 594-95 (4th Cir. 1996), which mirrors the Commissioner's relevant rulings and regulations. (Document No. 15, p.15) (citing 20 C.F.R. § 404.1529; SSR 96-7p, 1996 WL 374186, at *2).

In rebutting Plaintiff's argument that the ALJ "failed to consider" Plaintiff's (1) complaints of pain, (2) reduced range of motion, and (3) efforts to obtain relief, Defendant contends that in fact, the ALJ expressly discussed all of these issues:

> With respect to the first issue, the ALJ specifically recites Plaintiff's allegations that she experienced "chronic," "persistent" and "daily" pain (Tr. 30, 31, 32). With respect to the second issue, the ALJ specifically recites Plaintiff's allegations that she had difficulty with range of motion of her neck and that she had to drive cautiously because her neck did not fully turn (Tr. 31, 32).

8

> As discussed above, substantial evidence supports the ALJ"s decision to discount the credibility of these allegations. With respect to the third issue, the ALJ specifically recites the reports by Dr. Sweasey and by Plaintiff herself that she did "extremely well" with her neck surgery, as well as Plaintiff's report that medication helped her worst pain (Tr. 30-31, citing Tr. 270, 289).

(Document No. 15, p.18).

In addition, Defendant notes that "it is the province of the ALJ, not the reviewing court, to make credibility determinations and resolve conflicts in the evidence." Id. (citing Hays, 907 F.2d at 1456). As the Fourth Circuit emphasizes, the ALJ has "the opportunity to observe the demeanor and to determine the credibility of the claimant." Id. (quoting Shively v. Heckler, 739 F.2d 987, 989 (4th Cir. 1984)).

Based on the foregoing, the undersigned finds that substantial evidence supports the ALJ's credibility assessment.

**C.   Obesity**

Finally, Plaintiff argues that the ALJ failed to properly consider Plaintiff's obesity. (Document No. 11, p.15). Plaintiff suggests that the ALJ's explanation of the impact of Plaintiff's obesity on her RFC is inadequate. Id.

The undersigned notes that the ALJ specifically determined that Plaintiff's obesity was a severe impairment and that it "could exacerbate symptoms from her physical impairments, such as pain." (Tr. 26-27). The ALJ's decision further indicates that he considered "the medical evidence showing obesity" in assessing Plaintiff's residual functional capacity. (Tr. 32-33). As noted by Defendant, the ALJ decision made multiple references to Plaintiff's obesity. (Document No. 15, p.19) (citing Tr. 26-28, 32-33). Defendant also observes that

> the ALJ expressly states that he gave "great weight" to the opinions of the state agency doctors and Dr. Ellis (Tr. 32). All of these doctors were aware of Plaintiff's obesity. As stated

9

> previously, these doctors opined that Plaintiff's impairments –
> including her obesity – did not give rise to any limitations beyond
> those that the ALJ included in the RFC (Tr.65-66, 79-80, 376). . . .
> It bears emphasis that the ALJ included limitations in his RFC
> finding that go above and beyond those set forth in the opinions
> provided by the state agency doctors and Dr. Ellis. Significantly,
> the ALJ specifically explained that he included these limitations in
> his RFC finding in order to account for the effects of Plaintiff's
> obesity (Tr. 32-33).

(Document No. 15, pp.19-20).

Another interesting point raised by Defendant is that "although one record prior to the alleged onset date and two records after that date mention in passing that Plaintiff[] is 'heavyset' or 'overweight' (Tr. 242, 299, 389), every other document contained in the voluminous transcript is *completely silent* concerning Plaintiff's obesity." (Document No. 15, p.20). In addition, Defendant notes that:

> Plaintiff consistently omitted obesity from the list of impairments
> that allegedly caused her disability (Tr. 44, 118, 120, 161, 194).
> Indeed, Plaintiff did not even mention her obesity at the hearing
> (Tr. 40-58), in the brief that she submitted to the ALJ (Tr. 118-20),
> or in the brief that she submitted to the Appeals Council (Tr. 230-
> 35).

(Document No. 15, p.20). The undersigned further notes that in her brief to this Court, Plaintiff's discussion of "Relevant medical evidence" also fails to make any mention of Plaintiff's obesity. (Document No. 11, pp.3-5).

After careful consideration of the foregoing, as well as additional information and authority cited by Defendant, the undersigned agrees that "Plaintiff in the instant case has failed to sustain her burden of establishing that her obesity caused her to suffer limitations beyond those that the ALJ included in the RFC." (Document No. 15, p.22).

## IV. CONCLUSION

In short, the arguments and authority presented by Defendant are very persuasive. The undersigned finds that there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," and thus substantial evidence supports the Commissioner's decision. Richardson v. Perales, 402 U.S. 389, 401 (1971); Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005). As such, the undersigned will recommend that the Commissioner's decision be affirmed.

## V. RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that: Plaintiff's "Motion For Summary Judgment" (Document No. 10) be **DENIED**; the "Motion For Order Affirming The Commissioner's Decision" (Document No. 14) be **GRANTED**; and the Commissioner's determination be **AFFIRMED**.

## VI. TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed **within fourteen (14) days** of service of same. Responses to objections may be filed within fourteen (14) days after service of the objections. Fed.R.Civ.P. 72(b)(2). Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to de novo review by the District Court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005). Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal. Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003);

Snyder v. Ridenhour, 889 F.2d 1363, 1365 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), reh'g denied, 474 U.S. 1111 (1986).

**IT IS SO RECOMMENDED**.

Signed: December 27, 2013

David C. Keesler
United States Magistrate Judge